James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ASHLEY HARRIS, as the Wrongful Death Representative in the Matter of the Wrongful Death of TYELER HARRIS, deceased, <br><br> Plaintiff, <br><br> v. <br><br> VAMAR INC, SAVIOL SAINT JEAN, REY LOGISTICS, INC., OSVALDO HERRERA PUPO, AGUSTIN SANCHEZ PAVON, SAIA MOTOR FREIGHT LINE, LLC, and ANDREW GIBBS, <br><br> Defendants. | Civil Action No. 23-CV-243 |

### PLAINTIFF ASHLEY HARRIS'S REPLY REGARDING MOTION TO REMAND AND BRIEF IN SUPPORT

Plaintiff Ashley Harris, by and through counsel, pursuant to Local Rule 7.1(b)(2)(D), replies to Defendant Vamar's *Response to Plaintiff's Motion to Remand and Brief in Support* (Doc. No. 36) as follows. The plain language of § 1446 requires a removing defendant to obtain the consent of or joinder of all properly served defendants at the time a notice of removal is filed.

It is important to note the distinction between the "last-served defendant" rule as it applies to the notice of removal itself and whether it applies to the unanimity requirement.[1] There is no question that § 1446(b)(2)(B) permits the "last served defendant" to file a *notice of removal* within thirty days after service of the initial pleading on that defendant. *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1184 (D.N.M. 2017). What is less clear is whether an earlier removing defendant has additional time to obtain the consent of the other properly defendants. As one district court in this circuit has noted, "[t]he Tenth Circuit has not definitively addressed whether the last-served defendant rule and the rule of unanimity require that all served defendants consent to removal within thirty days of service upon the later-served defendant." *Id.*

Allowing a removing defendant to obtain the consent of the other properly served defendants beyond the 30-day limit prescribed by § 1446(b)(2)(B) leads to the absurd result that a removed plaintiff must file a motion for remand before the parties and the court know if all properly served defendants will consent. Defendant Vamar argues in its response that "Plaintiff's argument that not all served Defendants have consented to removal is contradicted by the written consents filed by the Defendants." Plaintiff's motion for remand was filed before those consents were filed. *Compare* Doc. No. 17 (Plaintiff's *Motion to Remand*); *with* Doc. No. 19 (Defendant Rey Logistics' Consent), Doc. No. 24 (Defendants Saia and Gibbs's consents); Doc. No. 25 (Defendant Saint Jean's consent).

---

[1] Defendant Vamar incorrectly states that Plaintiff Ashley Harris argued for the application of the last-served defendant rule to the unanimity requirement. Doc. No. 36, p. 6. Plaintiff Tiffany Gruetzmacher made that argument in the companion case, *Gruetzmacher v. Vamar et. al*, 23-CV-244, Doc. No. 12. Plaintiff Harris made no such argument. *See* Doc. No. 17.

Requiring removing defendants to obtain the consent or joinder of all properly served defendants within the 30-day limit prescribed by § 1446(b)(2)(B) obviates this conflict. If all properly served defendants consent to or join the notice of removal, then a motion for remand on the grounds of a procedural defect for lack of unanimity would not be filed. On the other hand, if not all properly served defendants have consented or joined, then the removed plaintiff must file a motion for remand within 30 days of the filing of the notice or the procedural defect argument would be waived. *See, e.g.*, *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) ("Because appellee's motion to remand was not filed within thirty days after the notice of removal was filed in the district court, the district court lacked discretion under § 1447(c) to remand based on a procedural defect.").

The application of the rule Defendant Vamar proposes becomes even more taxing on the parties and the court when the realities of service of process are considered. The Wyoming Rules of Civil Procedure allow a plaintiff at least 90 days to obtain service of process on the defendants. Wyo. R. Civ. Pro. 4(w). Plaintiff made many diligent attempts to obtain service of process on Defendant Osvaldo Herrera Pupo between November 28, 2023, and February 2, 2023. Doc. No. 35. Ultimately, Plaintiff had to resort to the Wyoming Non-Resident Motorist Statute to obtain service of process on Mr. Pupo, which was accomplished on February 2, 2024. *Id.*

If this Court were to apply the last-served defendant rule to the unanimity requirement, then Defendant Vamar would have until March 4, 2024, to obtain the consent of all defendants. If Defendant Pupo were to object to removal, Defendant Pupo would have no remedy because of the 30-day requirement to file a motion for remand § 1447(c) would have long since expired. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal

3

under section 1446(a)."). Defendant Vamar's reading of the removal statutes would essentially allow any removing defendant to run out the clock when there are later served defendants. This interpretation of the removal statutes could lead to the absurd result that the last-served defendant could object to removal but cannot move to remand because the time limit in § 1447(c) would have expired.

To avoid this result, the Court should apply the plain language of the removal statutes. In pertinent part, § 1446 requires the following:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . .
>
> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> [A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446. Section 1447(c) provides that "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section1446(a)."

A removing defendant has 30 days to obtain the consent or joinder of all properly served defendants. The other parties have 30 days to object on procedural defect grounds. "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172–73 (D.N.M. 2007) (citing *Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981)).

4

Defendant Vamar did not obtain the consent or joinder of all properly served defendants when it filed its notice of removal. This procedural defect renders Defendant Vamar's notice of removal defective, and this matter should be remanded.

Dated February 15, 2024

                                                   /s/ *James E. Fitzgerald*
                                                   James E. Fitzgerald (5-1469)
                                                   Michael J. Fitzgerald (7-5351)
                                                   The Fitzgerald Law Firm
                                                   2108 Warren Avenue
                                                   Cheyenne, WY 82001
                                                   307-634-4000 (Telephone)
                                                   307-635-2391 (Facsimile)
                                                   jim@fitzgeraldlaw.com
                                                   michael@fitzgeraldlaw.com

                                                   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

       I hereby certify that the foregoing pleading was served upon all counsel of record via CM/ECF on February 15, 2024:

| | |
|---|---|
| Scott E. Ortiz<br>Keith J. Dodson<br>Williams, Porter, Day & Neville, P.C.<br>159 No. Wolcott, Suite 400<br>P.O. Box 10700<br>Casper, WY 82602<br>sortiz@wpdn.net<br>kdodson@wpdn.net<br><br>*Attorneys for Defendant Vamar, Inc.* | Khale J. Lenhart<br>Tyson R. Woodford<br>Hirst Applegate, LLP<br>P.O. Box 1083<br>Cheyenne, WY 82003-1083<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com<br><br>*Attorneys for Defendants Saia Motor Freight Line, LLC and Andrew Gibbs* |
| Kevin K. Kessner<br>Yonkee & Toner, LLP<br>319 West Dow Street<br>P.O. Box 6288<br>Sheridan, WY 82801<br>kkessner@yonkeetoner.com<br><br>*Attorney for Defendant Rey Logistics, Inc.* | Rick L. Koehmstedt<br>Schwartz, Bon, Walker & Studer, LLC<br>141 S. Center St., Ste. 500<br>Casper, WY 82601<br>rick@schwartzbon.com<br><br>*Attorney for Defendant Augustin Sanchez Pavon* |

                                                   *James E. Fitzgerald*
                                                   James E. Fitzgerald