James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

*Attorneys for Plaintiff Harris*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| ASHLEY HARRIS, as the Wrongful Death Representative in the Matter of the Wrongful Death of TYELER HARRIS, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23-CV-243 |
| v. | ) ) | |
| VAMAR INC, SAVIOL SAINT JEAN, REY LOGISTICS, INC., OSVALDO HERRERA PUPO, AGUSTIN SANCHEZ PAVON, SAIA MOTOR FREIGHT LINE, LLC, and ANDREW GIBBS, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF ASHLEY HARRIS'S SUPPLEMENT REGARDING
SERVICE OF PROCESS ON DEFENDANT SAINT JEAN**

On February 20, 2024, this Court entered a text-only order requesting the following: "In responding to the motion to remand, Defendants Vamar Inc and Saviol Saint Jean have raised questions concerning the timing and sufficiency of service of process on Saviol Saint Jean. Plaintiff may supplement the record concerning service upon Saviol Saint Jean on or before 2/27/2024."

1

Doc. Nos. 49, 50. Pursuant to the text-only order, Plaintiff Harris supplements the record as follows:

**A. For purposes of removal under 28 U.S.C. § 1446(b)(1), the operative date is that date on which the defendant receives a copy of the initial pleading, through service or otherwise.**

According to Defendant Vamar and the affidavit of Defendant Saint Jean, Defendant Saint Jean received a copy of Plaintiff Harris's *Summons* and *Complaint* on January 13, 2023. Doc. No. 36, p. 3; *see also* Doc. No. 36-1. Plaintiff Harris's process servers served the pleadings by leaving a copy of the *Summons* and *Complaint* at 1273 E 59th St., Brooklyn, NY 11234, Mr. Saint Jean's last known address. Doc. No. 51. Defendant Saint Jean stated in his affidavit that 1273 E 59th St., Brooklyn, NY is his former address, but he was contacted by the current resident who gave the *Summons* and *Complaint* to Saint Jean that same day, January 13, 2023. Doc. No. 36-1. As a result, Defendant Saint Jean received a copy of Plaintiff Harris's *Summons* and *Complaint*, the initial pleading in this matter, on January 13, 2023.

In pertinent part, 28 U.S.C. § 1446(b)(1) provides the following: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." (emphasis added). For purposes of 28 U.S.C. § 1446(b)(1), Defendant Saint Jean had until February 12, 2024, to file a notice of removal. Plaintiff Harris acknowledges that Mr. Saint Jean filed a *Renewed Petition for Removal of State Court Action* on February 12, 2024. Doc. No. 39.

Importantly, Defendant Osvaldo Herrera Pupo did not join the motion and has not consented to Defendant Saint Jean's notice of removal. Defendant Osvaldo Herrera Pupo was

served on February 2, 2024. Doc. No. 39 at ¶ 11(c). As a properly served defendant, Defendant Saint Jean was required to obtain the joinder of, or consent of, Defendant Osvaldo Herrera Pupo within 30 days of receiving a copy of Plaintiff Harris's *Summons* and *Complaint*. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly . . . served must join in or consent to the removal of the action.").

Defendant Rey Logistics filed a consent to removal on behalf of Defendant Pupo. However, Defendant Rey Logistics cannot consent to removal on behalf of another party. As the United States Supreme Court has explained, "[i]n the ordinary course, a litigant must assert his or her own legal rights and interests . . . ." *Powers v. Ohio*, 499 U.S. 400, 410, 111 S. Ct. 1364, 1370, 113 L. Ed. 2d 411 (1991). Defendant Pupo has not asserted his consent to removal. The deadline for Plaintiff Harris to file a motion to remand Defendant Saint Jean's procedurally defective notice of removal is March 13, 2024. *See* 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

**B. Saviol Saint Jean waived the defense of insufficient service process when he answered Plaintiff Harris's *Complaint*.**

Rule 12(b) requires the following: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (5) insufficient service of process . . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. Pro. 12(b)(5). Under Rule 12(h), "A party waives any defense listed in Rule 12(b)(2)-(5) by: . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. Pro. 12(h)(B).

3

Defendant Saint Jean did not move to dismiss Plaintiff Harris's *Complaint* on grounds of insufficient service of process. Instead, Defendant Saint Jean answered Plaintiff Harris's *Complaint* on January 26, 2024. Doc. No. 20. Defendant Saint Jean did not raise insufficient service of process as a defense in his *Answer*. *See id.* Defendant Saint Jean had until February 16, 2024, to amend as a matter of course under Rule 15(a)(1) to add insufficient service of process as a defense. *See* Fed. R. Civ. Pro 15(a)(1) ("A party may amend its pleading once as a matter of course no later than . . . . 21 days after serving it . . . ."). Defendant Saint Jean did not amend his *Answer* as a matter of course.

Because Defendant Saint Jean did not move to dismiss Plaintiff Harris's *Complaint* on the grounds of insufficient service of process, did not raise insufficient service of process as a defense in his *Answer*, and the time to amend as a matter of course to add insufficient service of process as a defense has expired, Defendant Saint Jean waived the defense of insufficient service of process.

Dated February 27, 2024

    /s/ *Michael J. Fitzgerald*
James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

*Attorneys for Plaintiff Harris*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was served upon all counsel of record via CM/ECF on February 27, 2024:

Scott E. Ortiz
Keith J. Dodson
Williams, Porter, Day & Neville, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602
sortiz@wpdn.net
kdodson@wpdn.net

*Attorneys for Defendant Vamar, Inc.*

Kevin K. Kessner
Yonkee & Toner, LLP
319 West Dow Street
P.O. Box 6288
Sheridan, WY 82801
kkessner@yonkeetoner.com

*Attorney for Defendant Rey Logistics, Inc.*

Khale J. Lenhart
Tyson R. Woodford
Hirst Applegate, LLP
P.O. Box 1083
Cheyenne, WY 82003-1083
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

*Attorneys for Defendants Saia Motor Freight Line, LLC and Andrew Gibbs*

Rick L. Koehmstedt
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper, WY 82601
rick@schwartzbon.com

*Attorney for Defendant Augustin Sanchez Pavon*

      /s/ *Michael J. Fitzgerald*
Michael J. Fitzgerald