UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| ASHLEY HARRIS, as the Wrongful Death Representative in the Matter of the Wrongful Death of TYELER HARRIS, deceased, | |
| Plaintiff, | Case No. 23-CV-243-SWS |
| v. | |
| VAMAR INC., SAVIOL SAINT JEAN, REY LOGISTICS, INC., OSVALDO HERRERA PUPO, AGUSTIN SANCHEZ PAVON, SAIA MOTOR FREIGHT, LLC, and ANDREW GIBBS, | |
| Defendants. | |

## ORDER REMANDING CASE TO STATE COURT

This removed matter comes before the Court on Plaintiff's motion to remand and supporting brief. (ECF 17.) The motion has been fully briefed and the Court has considered the several other filings weighing on the question. Having considered the parties' positions and closely examined the record, the Court concludes the motion is well taken and the matter should be remanded back to state court.

### STANDARD OF ANALYSIS

A lawsuit filed in state court that could have been filed in federal court may be removed by a defendant to federal court under 28 U.S.C. § 1441, using the procedure outlined in 28 U.S.C. § 1446. Compliance with § 1446 is important, though, because "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "As a creature of statute, removal comes with

statutory procedures and requirements that are mandatory in nature. While these procedural requirements are not jurisdictional in nature, they have been strictly enforced." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (citations omitted). "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)). "The removing party has the burden to show that removal was properly accomplished." *McShares*, 979 F. Supp. at 1342.

## DISCUSSION

This lawsuit was removed under 28 U.S.C. § 1441(a) based on the complete diversity of citizenship between Plaintiff and Defendants. (ECF 1 pp. 2-4.) The dispute in this case concerns the unanimity requirement of § 1446(b)(2)(A), which says, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Where there are multiple defendants, **all** defendants served at the time of filing must join in the notice of removal." *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008) (emphasis in original) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)).

1. **Vamar Inc.'s Notice of Removal Lacked Unanimity**

The first notice of removal at issue in this case, which was filed on December 27, 2023, by Defendant Vamar Inc., does not indicate all served defendants consented to the removal. (*See* ECF 1.) Plaintiff then filed her motion to remand on January 26, 2024 (ECF 17), which was the 30th and final day in which she could have sought remand based on statutory defect. *See* 28 U.S.C. § 1447(c). Only after the motion to remand for lack of unanimity was filed did other Defendants

begin submitting notices that they consent to removal. (*See* ECF 19, 25, 29.)

It is no secret that the federal courts are split on whether there is a definitive time limit for consenting to removal and what that time limit might be. *See Szuszalski v. Fields*, No. 1:19-CV-0250 RB-CG, 2019 WL 5964602, at *8-11 (D.N.M. Nov. 13, 2019) (discussing the split in authority and various approaches taken by the courts). This Court need not wade into this dispute at this time because the Court agrees with those district courts concluding that "to give any meaning to the procedural requirement that all defendants consent to or join a notice to remove, such consent or joinder must at the very least be filed before the plaintiff moves to remand [on the basis of lack of unanimity]." *Centura Health Corp. v. Agnew*, No. 18-CV-00569-RBJ, 2018 WL 3454976, at *3 (D. Colo. July 18, 2018); *Padilla v. Am. Mod. Home Ins. Co.*, 282 F. Supp. 3d 1234, 1264 (D.N.M. 2017) ("defendants face a de facto time limit for consent to removal" based on the plaintiff's 30-day deadline to seek remand). A plaintiff may consent to be in federal court and not take issue with untimely consents; but where the plaintiff does take issue with the apparent lack of unanimity and timely seeks remand, the defendants should not be allowed to invalidate the plaintiff's compliance with its 30-day remand deadline by being permitted to thereafter consent to removal.

Here, because several served Defendants did not consent to removal prior to Plaintiff's 30-day deadline to seek remand, and because Plaintiff indeed sought remand, the Defendants' attempts to consent were untimely and ineffective. Consequently, Defendant Vamar has not carried its burden of showing its removal was properly accomplished because it lacked unanimity.

2. **<u>Saviol Saint Jean's Later Notice of Removal Lacked Unanimity</u>**

After Plaintiff filed her motion to remand, Defendant Saviol Saint Jean filed a "Renewed Petition for Removal of State Court Action" (ECF 39) on February 12, 2024, seeking to cure any

deficiencies of Vamar Inc.'s removal to federal court.[1] In that removal notice, Defendant Saint Jean stated:

> Defendant Pupo was served on February 2, 2024, but has not yet entered or appeared in this action. ECF 35. Defendant [Saint Jean] believes [Defendant] Pupo would consent to removal of this matter to Federal court if he does appear in this action.

(ECF 39 p. 5.) Plaintiff attempted to have Defendant Pupo personally served multiple times, but after it appeared he was avoiding service, Plaintiff served the Wyoming Secretary of State on behalf of Defendant Pupo on February 2, 2024, under the authority of Wyoming's nonresident motorist statute (Wyo. Stat. § 1-6-301(a)). (ECF 35.) As Defendant Saint Jean's removal notice occurred on February 12, 2024, Plaintiff's 30-day deadline to seek remand was March 13, 2024, though Plaintiff had already done so.[2] Likewise, in light of the earlier service upon Defendant Pupo, his deadline to consent to removal was also March 13, 2024. Defendant Pupo, at least in his individual capacity as an alleged tortfeasor, has not consented.[3]

Because Defendant Pupo was served and failed to consent to removal prior to Plaintiff's 30-day deadline to seek remand, and because Plaintiff indeed sought remand (a couple of times now), Defendant Saint Jean's notice of removal was not unanimous. Consequently, Defendant Saint Jean has not carried his burden of showing his removal was properly accomplished in conformity with § 1446(b).

---

[1] There is a dispute about if and when Defendant Saviol Saint Jean was served in this matter (*see* ECF 36, 39, 49, 52), but the Court finds it need not resolve that dispute in ruling on the motion to remand, instead presuming without deciding that his notice of removal was timely.

[2] Indeed, Plaintiff submitted another motion to remand on March 13, 2024 (ECF 55), responsive at least in part to Defendant Saint Jean's removal notice. The Court struck this second motion to remand, though, because the earlier motion to remand was still pending and the Court did not require further briefing on the issue of remand (ECF 56).

[3] Defendant Rey Logistics, Inc., Defendant Pupo's employer at all relevant times, submitted an answer and consent to removal on Defendant Pupo's behalf limited to his capacity as an employee for which Defendant Rey Logistics would be vicariously liable. (ECF 41, 42.) Plaintiff has challenged that answer and consent (ECF 53, 54), but the Court need not resolve that dispute in ruling on the issue of remand.

## CONCLUSION AND ORDER

Neither Vamar Inc.'s nor Saviol Saint Jean's notices of removal effectively complied with the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A). Accordingly, the removal attempts were defective, and remand to state court is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff Ashley Harris's Motion to Remand (ECF 17) is **GRANTED**. This lawsuit is hereby remanded back to Wyoming's Third Judicial District Court, Sweetwater County. The Clerk of Court will please mail a certified copy of this order of remand to the clerk of the State court, whereupon the State court shall resume jurisdiction and proceed with this lawsuit. The Clerk of Court will then please close this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Strike (ECF 53, 54) are hereby **DENIED WITHOUT PREJUDICE AS MOOT** in light of the remand.

**ORDERED**: March 20th, 2024.

Scott W. Skavdahl
United States District Judge